IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAESHI NWOZUZU,

      Plaintiff,                            No. CIV S-05-1938 MCE DAD P

    vs.

DAVE L. RUNNELS, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's application to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $1.86 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty

percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Plaintiff's complaint appears to state cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Accordingly, the court will authorize service of plaintiff's complaint on all named defendants.

Plaintiff's complaint was accompanied by a motion to solicit counsel to represent plaintiff. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find exceptional circumstances. Plaintiff's motion to solicit counsel will therefore be denied.

Plaintiff's complaint was also accompanied by a motion for temporary restraining order and order for injunctive relief. Plaintiff seeks an order directing defendant Runnels to order (1) cessation of retaliatory actions against plaintiff for lawful use of the inmate appeal system, (2) cessation of defendant Clement's defamation of plaintiff's character; (3) return of legal materials confiscated from plaintiff by defendant Clement illegally, (4) transfer of plaintiff to another institution, (5) removal of defendants Coleman and Lamberton from the facility where plaintiff is confined until plaintiff is transferred to another facility, and (6) investigation into falsification of documents. In addition, plaintiff asks the court to order a federal investigation of High Desert State Prison and to place that institution in federal receivership and appoint a special master. Plaintiff's motion does not include evidence of notice to the affected parties. Nor is the

motion supported by a legal brief demonstrating that plaintiff is likely to succeed on the merits of any of his claims. Plaintiff declares that if his motion is not granted he "could possibly suffer death, physical harm, and/or administrative segregation."

"Except in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice." Local Rule 65-231(a). For a preliminary injunction, notice is required. Local Rules 5-135 & 65-231(d). In this case, plaintiff has filed his motion at the commencement of the action, prior to service of his complaint on the defendants and prior to the appearance of any defendant by counsel. Plaintiff's offers no evidence of actual notice or an effort to provide such notice.

Virtually all of the orders sought by plaintiff constitute relief that will be available, if at all, only after plaintiff proves the allegations of his complaint. The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing of the movant's claims. To prevail on any request for injunctive relief, the moving party must (1) show a likelihood of success on the merits and the possibility of irreparable injury or (2) demonstrate that serious questions are raised and the balance of hardships tips sharply in his favor. Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Under either test, the movant must establish the existence of a significant threat of irreparable injury. Oakland Tribune, 762 F.2d at 1376. The threat must be a presently existing actual threat. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997); Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). Speculative injury does not constitute irreparable harm. Caribbean Marine Servs. Co., 844 F.2d at 674; Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiff's motion will be denied without prejudice because it is premature and fails to meet the requirements for notice, briefing on the merits, and evidence of irreparable injury.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 26, 2005 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.86. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's September 26, 2005 motion to solicit counsel is denied.

4. Plaintiff's September 26, 2005 motion for temporary restraining order and order for injunctive relief is denied without prejudice.

5. Service is appropriate for the following defendants: Warden Dave L. Runnels, Lieutenant K. Clement, Correctional Officer N. Correa, Correctional Officer Coleman, Correctional Officer E. Rausch, Correctional Officer Loiler, Correctional Officer Kingstrom, and Correctional Officer Lamberton.

6. The Clerk of the Court shall send plaintiff eight USM-285 forms, one summons, an instruction sheet, and one copy of the complaint filed September 26, 2005.

7. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 5 above; and

    d. Nine true and exact copies of the endorsed complaint filed September 26, 2005.

/////

8. Plaintiff shall not attempt service of the summons and complaint on defendants or request waivers of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the defendants pursuant to Federal Rule of Civil Procedure 4, without payment of costs.

DATED: September 29, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
nwoz1938.1

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE EASTERN DISTRICT OF CALIFORNIA
10 AMAESHI NWOZUZU,
11        Plaintiff,                No. CIV S-05-1938 MCE DAD P
12    vs.
13 DAVE L. RUNNELS, et al.,          <u>NOTICE OF SUBMISSION</u>
14        Defendants.                <u>OF DOCUMENTS</u>
15 _____/
16        Plaintiff hereby submits the following documents in compliance with the court's
17 order filed _____:
18           _____    <u>one</u> completed summons form;
19           _____    <u>eight</u> completed USM-285 forms; and
20           _____    <u>nine</u> true and exact copies of the complaint filed September 26, 2005.
21
22 DATED: _____.
23
24
25                                            _____
                                              Plaintiff
26