IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAESHI NWOZUZU,

    Plaintiff,          No. CIV S-05-1938 MCE DAD P

   vs.

DAVE L. RUNNELS, et al.

    Defendants.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action. The matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust available administrative remedies.

BACKGROUND

       On September 26, 2005, plaintiff filed a civil rights complaint concerning events that occurred at High Desert State Prison, where he is currently confined. The undersigned determined that plaintiff's complaint appears to state cognizable claims for relief against the defendants. In due course, the United States Marshal served plaintiff's complaint on the warden of High Desert State Prison, one correctional lieutenant, and six correctional officers. Pursuant to an extension of time granted by order filed January 12, 2006, defendants filed their motion to dismiss on February 6, 2006. In accordance with an extension of time granted on March 14,

2006, plaintiff filed opposition to defendants' motion, and defendants filed a reply. Plaintiff subsequently filed a response to defendants' reply.

PLAINTIFF'S COMPLAINT

Plaintiff claims that eight defendants (1) harassed him and retaliated against him in many ways for exercising his right to seek redress through the appeal procedure, (2) conspired to use institutional procedures to retaliate against him by inciting other inmates to harm him, and (3) confiscated and destroyed administrative appeals submitted by plaintiff concerning staff misconduct. Plaintiff alleges that a grievance procedure is available at the institution, that he filed a grievance concerning the facts relating to his complaint, and that the grievance process is completed. Plaintiff seeks only an order protecting him from further harassment and retaliation.

Attached to plaintiff's form complaint is a typed document titled "Affidavit in Support of Complaint." In this 39-page document, plaintiff alleges in chronological order various events that occurred during a period of three years. Plaintiff's allegations include the following: In July 2002, plaintiff notified staff that his cellmate, inmate Baskin, was delusional and was threatening plaintiff; defendant Correa took no action; later that day, plaintiff was forced to defend himself against an attack by inmate Baskin; plaintiff was injured when staff intervened; defendant Correa charged plaintiff with battery on an inmate with a weapon; plaintiff was found not guilty of the charge; afterward, defendant Correa continuously threatened plaintiff and engaged in unprofessional conduct toward him; on November 12, 2003, defendant Correa delayed delivery of evening meal trays to plaintiff and his new cellmate until their food was cold, and then he denied them the dessert that had been served to all other inmates and staff; on November 13, 2003, defendant Correa removed from the mail a staff complaint plaintiff had submitted concerning the events of the previous day; on July 25, 2004, plaintiff's cell was searched in retaliation for remarks made by plaintiff's cellmate earlier that day; during the search, staff confiscated property, including plaintiff's television and his dictionary; expanded cell searches followed, and the defendants spread rumors blaming plaintiff and his cellmate for the

searches in order to incite inmates to harm plaintiff; defendants interfered with plaintiff's inmate appeals concerning the search and subsequent events, including his efforts to regain his property; beginning in October 2004 and continuing for months, plaintiff was subjected to threats, harassment, retaliatory cell searches, and confiscation of property and legal materials because he refused to withdraw his own inmate appeals and helped other inmates prepare appeals; eventually, plaintiff was placed in administrative segregation, where he was retained for months pending an investigation that never took place; while in administrative segregation, plaintiff's efforts to file inmate appeals were thwarted, he was deprived of adequate clothing and was denied periodic retention reviews; after plaintiff was released from administrative segregation, defendants immediately resumed their harassment and retaliation by denying plaintiff use of the shower for disabled inmates on March 15, 2005; on March 18, 2005, one defendant dropped plaintiff's apple on the floor during delivery of meal trays, and another defendant deliberately squashed the apple with his foot and kicked it under plaintiff's cell door; in March 2005, plaintiff's cell was searched twice, his only pen was confiscated, defendants refused to process his confidential legal mail, and he was denied use of the shower for disabled inmates a second time; in May 2005, staff announced a policy of permitting Muslim inmates to wear their religious caps only when going to and from religious services, while other head coverings, religious medallions, and wedding rings were permitted at all times; in June 2005, when plaintiff became so ill that it was necessary to transport him to an outside hospital, one of the defendants kept plaintiff in waist and ankle restraints during the entire 12-hour transport, in violation of state rules and regulations, causing plaintiff to suffer pain and suffering as well as physical injury.

Plaintiff contends that defendants violated his rights under the First, Eighth, and Fourteenth Amendments as well as under state law.

/////

/////

/////

# DEFENDANTS' MOTION TO DISMISS

In the title of their motion, defendants indicate that they seek dismissal of plaintiff's complaint. (Defs.' Mot. to Dismiss at 1.) By their notice of motion, defendants seek dismissal of this action under Federal Rule of Civil Procedure 12(b) on the basis that plaintiff failed to exhaust all available administrative remedies before filing suit. (Id.) In their argument in support of dismissal, defendants contend that plaintiff did not pursue administrative remedies for many of the claims asserted in this action, but they state it is not their contention that plaintiff has failed to exhaust his administrative remedies as to all claims. (Id. at 5.)

Defendants explain that plaintiff's complaint contains a long list of grievances, many of which have never been tested through the administrative review process. Defendants identify eleven specific grievances that were never presented in any inmate appeal, as well as two grievances that were presented in inmate appeals but were not pursued to the highest levels of review available. Defendants seek dismissal of the eleven issues that were never presented in inmate appeals and the two issues that were presented in inmate appeals but were not pursued to the highest available level. (Id. at 5-8.)

Defendants support their motion with a declaration by the current inmate appeals coordinator at High Desert State Prison. Declarant M. Dangler, the institution's custodian of records concerning inmate appeals and requests for accommodation under the Americans With Disabilities Act, states that she reviewed the institution's records and determined that the institution has no inmate appeals or ADA accommodation requests submitted by plaintiff regarding the eleven issues identified by defendants as never presented in inmate appeals. Declarant found two inmate appeals that were filed by plaintiff pertaining to events alleged in this lawsuit but which were screened out. One of those two appeals concerned plaintiff's placement in administrative segregation, and the other concerned religious headgear. Declarant states that the appeal concerning placement in administrative segregation was screened out because it was not filed within fifteen days after the incident complained of, and the appeal

4

concerning religious headgear was screened out because plaintiff did not seek an informal response before filing his formal appeal. Declarant states that an inmate who cannot obtain an informal response may resubmit his appeal and indicate that he was unable to obtain a response. Declarant states that plaintiff did not resubmit his appeal concerning religious headgear. Declarant provides a copy of an appeal submitted by plaintiff concerning a cell search and other matters, and states that plaintiff did not pursue this appeal past the first formal level.

PLAINTIFF'S OPPOSITION

Plaintiff's opposition begins with a short introductory section in which plaintiff states his intention to seek damages, argues that defendants' characterization of his complaint as a rambling laundry list of disparate grievances mirrors the deliberate indifference of staff toward the pain and suffering of inmates, and speaks of proof to be offered at a future time. Plaintiff asserts that he placed an inmate appeal in the appeal box for second level review on the day he was placed in administrative segregation and that he never saw that appeal again.

The next section of plaintiff's opposition, titled "Affidavit," is stated under penalty of perjury but mingles factual declarations with argument. Plaintiff contends that exhaustion is established when prison employees fail to process appeals, hold appeals past time limits, destroy appeals, and prevent inmates from filing appeals. Plaintiff urges the court to conclude from the allegations of his complaint that there is ample evidence that he was prevented from exhausting administrative remedies due to the obstruction of staff.

Plaintiff addresses only the eleven issues identified by the defendants as ones for which plaintiff did not pursue any administrative remedies at all. With regard to issue (a), concerning the incident involving his cellmate in July 2002, plaintiff asserts that defendant Correa was known for removing inmate appeals and citizens' complaints from regular mail and from the 602 box. Plaintiff does not affirmatively state that he submitted an inmate appeal concerning the July 2002 incident. With regard to issue (b), retaliation against plaintiff for helping other inmates prepare appeals, plaintiff cites the allegations of his complaint concerning

5

1 retaliation. Again, he does not affirmatively state that he submitted an inmate appeal concerning
2 the alleged retaliation.

3 With regard to issues (c), (d), and (e), which concern conditions of confinement in
4 administrative segregation, including denial of adequate clothing and being paraded in front of a
5 female officer, plaintiff asserts that he submitted a complaint to the appeals coordinator's office
6 but it was rejected as a staff complaint and returned to him. Plaintiff also states that inmates in
7 administrative segregation have no direct access to the 602 box but must submit appeals to staff,
8 who read the 602's given to them and pass the appeals around for staff on all shifts to read.
9 Plaintiff states that 602's are regularly destroyed, caused to disappear, or held past time limits
10 and then returned as untimely. Plaintiff does not state that he resubmitted his 602 concerning
11 conditions in administrative segregation after the appeal was rejected as a staff complaint.

12 With regard to issue (f), denial of access to legal materials, plaintiff states that he
13 raised this issue in many 602's and citizen's complaints and was always told the time constraints
14 had not been met. Citing Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005),[1] plaintiff argues that
15 he exhausted available administrative remedies on this grievance.

16 With regard to issue (g), denial of the use of the shower for disabled inmates,
17 plaintiff questions the accuracy and truth of the appeals coordinator's declaration but does not
18 state that he submitted an inmate appeal on this issue.

19 With regard to issues (h), (i), (j), and (k) – squashing plaintiff's apple and kicking
20 it under his door, cell searches in 2005, refusal to process confidential mail, and placement in
21 waist chains during medical transport – plaintiff cites his allegations of conspiracy but does not
22 state that he submitted inmate appeals on these grievances.

23 Plaintiff makes a general argument that he exhausted administrative remedies on
24 all issues because he was impeded, hindered, and obstructed by staff. He asserts that defendants

---

[1] This decision was recently reversed by the United States Supreme Court. See Woodford v. Ngo, ___ U.S. ___, No. 05-416, 2006 WL 1698937 (U.S. June 22, 2006).

6

and other staff, including previous appeals coordinators, worked together to ensure that plaintiff would not get "incriminating evidence" out of the institution. Plaintiff contends that it is only when he makes multiple copies of inmate appeals and complaints and sends copies out of the prison that his appeals and complaints are not obstructed. Plaintiff states that he has a witness who saw him place an appeal in the 602 box the day before he was placed in administrative segregation, but he has not offered a declaration by the witness.[2] Plaintiff quotes from the Ninth Circuit's Ngo decision and argues that prison staff and administrators should not be rewarded for obstructive tactics. In conclusion, plaintiff requests that the court deny defendants' motion to dismiss selected allegations of the complaint and contends that all of the allegations give weight to his claim of a pattern of conduct.

Plaintiff's opposition was accompanied by two exhibits. Exhibit A, titled "Exhibits Supporting Complaint Within Declaration of Facts," consists of a cover page and 37 pages of documents. Exhibit B, titled "Exhibits Supporting Complaint Within Affidavit," consists of a cover page and 8 pages of documents. Despite the references to plaintiff's complaint, the exhibits appear to be offered in support of plaintiff's opposition, which includes a 2-page introductory section titled "Declaration" and a 12-page section titled "Affidavit." Neither plaintiff's introductory section nor his affidavit refers to documents included in the exhibits.

## DEFENDANTS' REPLY

Defendants withdraw their motion with respect to issues (b), (c), (e), (f), and (j). With respect to issue (a), defendants argue that plaintiff has failed to prove or even allege that he filed a grievance concerning the incident with inmate Baskin in 2002. Defendants note that the incident is not addressed in any document included in plaintiff's exhibits. Defendants contend

---

[2] Plaintiff states that he was removed from the yard "the day that plaintiff placed 602 citizen complaint in the 602 box for second level review" (Opp'n at 2) but later asserts that he has "a witness of placing his complaint in the 602 Box a day before being placed in administrative segregation" (Opp'n at 11). It is not clear whether plaintiff is referring to one witness and one 602, or to multiple witnesses and two 602's.

that plaintiff's failure to show that he filed an inmate appeal concerning the incident should be construed as an admission that he did not file an appeal and did not exhaust available administrative remedies.

With respect to issue (d), defendants argue that plaintiff has failed to produce a copy of any inmate appeal concerning conditions in administrative segregation, despite his assertion that an appeal on the subject was rejected and returned to him. Defendants contend that plaintiff's failure to show that he filed an inmate appeal on this grievance should be construed as an admission that he did not file one and did not exhaust available administrative remedies.

With respect to issue (g), defendants argue that plaintiff has failed to prove or even allege that he filed a grievance concerning use of the shower for disabled inmates. Defendants note that use of the shower is not addressed in any document included in plaintiff's exhibits. Defendants contend that plaintiff's failure to show that he filed an inmate appeal concerning use of the shower should be construed as an admission that he did not file an appeal and did not exhaust available administrative remedies.

With respect to issue (h), defendants argue that plaintiff has failed to prove or even allege that he filed a grievance concerning the squashed apple that was kicked under his door in 2004. Defendants note that this issue is not addressed in any document included in plaintiff's exhibits. Defendants contend that plaintiff's failure to show that he filed an inmate appeal concerning his apple should be construed as an admission that he did not file an appeal and did not exhaust available administrative remedies.

With respect to issue (i), defendants argue that plaintiff has failed to prove or even allege that he filed a grievance concerning the two cell searches in March 2005. Defendants note that these cell searches are not addressed in any document included in plaintiff's exhibits. Defendants contend that plaintiff's failure to show that he filed an inmate appeal concerning the cell searches should be construed as an admission that he did not file an appeal and did not exhaust available administrative remedies.

1 With respect to issue (k), defendants argue that plaintiff has failed to prove or
2 even allege that he filed a grievance concerning the use of waist chains during medical transport.
3 Defendants note that the use of waist chains is not addressed in any document included in
4 plaintiff's exhibits. Defendants contend that plaintiff's failure to show that he filed an inmate
5 appeal concerning waist chains should be construed as an admission that he did not file an appeal
6 and did not exhaust available administrative remedies.

Defendants point out that plaintiff simply ignored their arguments concerning his failure to pursue the appeals concerning religious headgear and his dictionary to the highest available level of review. Defendants contend that the court should construe plaintiff's failure to address these arguments as a concession to the merits of defendants' motion as to these issues.

## PLAINTIFF'S RESPONSE TO REPLY

Plaintiff is advised that the proper briefing of a motion in this court consists of the moving party's motion, the responding party's opposition or statement of non-opposition, and the moving party's optional reply to opposition. Local Rule 78-230(m). The rule does not authorize the filing of a response to a reply. A motion is deemed submitted for decision upon the earlier of the filing of movant's reply or the expiration of the time for filing such a reply. Id.

The court is not required to consider plaintiff's unauthorized response to defendants' reply. However, in light of plaintiff's pro se status, the undersigned will consider his response in this instance. Unauthorized briefing shall not be filed in the future except with leave of court. Leave may be sought by filing an application for leave to submit supplemental briefing. Such an application will be denied absent a showing of good cause for the party's failure to include all arguments in the briefing permitted by Local Rule 78-230(m).

With regard to the altercation with inmate Baskin in 2002, plaintiff claims that he "did pursue this issue in every CDC 602 citizen complaint, which most of them were either destroyed, or held pass [sic] time restraint and sent back to Plaintiff as time barred." (Pl.'s Response to Reply at 1.) Plaintiff claims that defendants know he "did pursue remedies to

grievances in every 602 and complaint against defendants C/O Correa, along with all other defendants." (Id.) Plaintiff does not cite any exhibit previously submitted and does not offer any additional evidence in support of his alleged exhaustion of issue (a).

With regard to conditions in administrative segregation, plaintiff reiterates his arguments about obstruction, impediments, and thwarting of the inmate appeal process but does not claim or offer evidence that he filed an inmate appeal on issue (d).

With regard to his use of the shower for disabled inmates, plaintiff cites "the clarity of plaintiff's inclusion of facts about how his submittance [sic] of 1824 form, concerning the shower issue but that it never came back." (Pl.'s Response to Reply at 4.) Although plaintiff asserts that he has "witnesses of his placing each and every form into the 602 box" (id.), he has not offered a declaration from any person who witnessed him submitting an 1824 form concerning issue (g). Plaintiff does not assert that he made any inquiry when he received no response to the form.

With regard to the apple kicked under his door in 2004, plaintiff responds that he has never alleged that his dinner was dropped, smashed, and kicked under the door, as defendants claim, but only that his apple was treated in that manner. Plaintiff offers nothing further concerning his exhaustion of issue (h).

With regard to the two cell searches in March 2005, plaintiff argues that "this complaint issue was and is an essential part of the core issue of CDC 602 citizen complaint, which so surreptitiously stated to be elapsed beyond the time restraint, as a standard denial and refusal to process, any incriminating documentation of staff misconduct at HDSP." (Pl.'s Response to Reply at 5.) Plaintiff does not cite the number or date of the appeal in which he raised issue (i), and he does not point to any exhibit that includes a copy of the appeal.

With regard to waist chains during medical transport, plaintiff asserts that he was too incapacitated to write an appeal at the time. Plaintiff cites the time limits for filing appeals and implies that it was futile to submit an appeal on issue (k) after he recovered.

With regard to his appeal concerning religious headgear, plaintiff asserts that appeals coordinators "conveniently ignore that such staff misconduct is to go directly to the Associate Warden for first level review." (Pl.'s Response to Reply at 7.) Plaintiff offers no explanation for his failure to resubmit the appeal after it was rejected for failure to seek an informal response from staff. Plaintiff does not dispute that he could have resubmitted the appeal with an explanation that he was unable to obtain an informal response.

With regard to the appeal filed concerning his dictionary, plaintiff disputes defendants' contention that he did not exhaust his administrative remedies on this issue and argues that he was not actually pursuing the return of his dictionary.[3] He asserts that he was litigating living conditions and that defendant Clement "diverted the issue from staff misconduct and intolerable living conditions to that of a dictionary." Plaintiff contends that he resubmitted the appeal "with corrected issue, was harassed and retaliated against with property check on November 17, 2004 and the next evening on November 18, 2005 [sic] plaintiff was vindictively and conspiratorially placed in Administrative Segregation." (Pl.'s Response to Reply at 7.) Plaintiff asserts that the resubmitted appeal was never returned to him. He does not state that he made any inquiry concerning the status of the resubmitted appeal.

In conclusion, plaintiff argues that defendants' motion should be denied as to all issues.

---

[3] Plaintiff's appeal dated September 1, 2004, begins with lengthy quotations from state regulations. The quotations continue onto an attachment page and are followed by a description of events that occurred on and after July 25, 2004, as well as prior history of harassment and retaliation. On the form, plaintiff asks that his complaint be placed in the officers' files, that an investigation be conducted, that disciplinary action be taken, that termination of employment and civil actions be considered, that criminal prosecution be considered, that officers not fired be retrained and subjected to psychological testing, and that plaintiff and his cellmate be transferred to institutions closer to their homes. On the first attachment page, plaintiff states "What I desire and need now is to receive my Dictionary back to continue my studies unhampered, God (Allah) willing." (Defs.' Mot. to Dismiss, Dangler Decl., Ex. A at 5.) The appeal response reveals that plaintiff was told during his interview with defendant Clement that he could only appeal one issue at a time and that the issue addressed in the interview would be the confiscated dictionary. The appeal was denied with regard to the dictionary because it was determined that the book was contraband. (Id., Ex. A at 1-2.)

11

ANALYSIS

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. Id. at 741 n.6. Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. Woodford v. Ngo, ___ U.S. ___, No. 05-416, 2006 WL 1698937, at *2 (U.S. June 22, 2006). Prisoners must exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048, 1051 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress from an informal review through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5. A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy. Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir. 2003). The defendant bears the burden of raising and proving the absence of exhaustion. 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." Id. at 1120 n.14. When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

By order filed October 21, 2005, plaintiff was notified of the requirements for opposing a motion to dismiss brought pursuant to non-enumerated Rule 12(b). (See Order filed Oct. 21, 2005, at 3-4.) Plaintiff was advised that (1) defendants may submit affidavits or declarations and admissible documentation to support the motion, (2) plaintiff may also file declarations and admissible documentation, (3) plaintiff may rely on statements made under penalty of perjury in his complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which he relies, (4) plaintiff may serve and file declarations by other persons who have personal knowledge of relevant matters, (5) plaintiff may rely on written records if he proves that the records are what he claims they are, (6) if plaintiff fails to contradict defendants' evidence with admissible evidence, the court may rely on defendants' evidence, and (7) if both sides submit evidence, the court may look beyond the pleadings and decide disputed issues of fact.

At screening, the undersigned determined that plaintiff's complaint presents three claims: harassment and retaliation by the defendants in response to plaintiff's exercise of his right to seek redress; conspiracy by the defendants to use institutional procedures as a retaliatory

method of confiscating plaintiff's property and inciting inmates to harm plaintiff and his cellmate; and defendants' confiscation and destruction of plaintiff's administrative appeals concerning staff misconduct. The undersigned found that extensive factual allegations are presented in plaintiff's supporting affidavit titled "History, Facts and Pattern of Harassment and Retaliation." Plaintiff's complaint is grounded on constitutional provisions appropriate to claims of harassment, retaliation, conspiracy, and interference with the inmate appeal process. Plaintiff seeks only an order protecting him from further harassment and retaliation.

In their motion to dismiss, defendants analyze plaintiff's complaint as a suit for alleged constitutional violations arising from numerous separate claims. Plaintiff rebuts this approach in his opposition. In his argument concerning the altercation with inmate Baskin, plaintiff states that his assertions "clearly add to and lend weight to the history and pattern of policy and practice against Plaintiff by Defendant C/O N. Correa." (Pl.'s Opp'n at 7.) The opposition concludes with a request not to dismiss "any allegations, or plaintiff's complaint, as all allegations give weight to and lend credit to the preponderance of history and pattern of policy and practise [sic] against plaintiff and others." (Id. at 14.) It appears that plaintiff's factual allegations support his overarching claims of harassment, retaliation, conspiracy, and interference with the grievance process and are not separate claims.

Defendants have withdrawn their motion to dismiss the issues identified as (b), (c), (e), (f), and (j) and now seek to dismiss only the following issues: (a) the altercation with inmate Baskin; (d) conditions in administrative segregation; (g) denial of the use of a shower for disabled inmates; (h) squashing and kicking plaintiff's apple under the door of his cell; (i) two cell searches in March 2005; (k) use of waist chains during medical transport; (l) restrictions on Muslim inmates' religious headgear; and (m) confiscation of plaintiff's dictionary. Plaintiff has not come forth with admissible evidence that he submitted inmate appeals on issues (a), (d), (g), (h), (i), and (k). Nor has plaintiff presented admissible evidence that he exhausted the appeals he submitted on issues (l) and (m). However, the unexhausted issues do not appear to be separate

claims on which plaintiff seeks relief.  To the extent that defendants seek dismissal of mere supporting allegations rather than claims for relief, their motion to dismiss should be denied.  However, if plaintiff seeks to pursue the unexhausted issues as separate claims for relief, defendants' motion should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' February 6, 2006 motion to dismiss be granted in part; and

2. The following issues alleged in plaintiff's complaint be deemed unexhausted supporting allegations rather than separate claims for relief:  the altercation with inmate Baskin; conditions in administrative segregation; denial of the use of the shower for disabled inmates; squashing and kicking plaintiff's apple under the door of his cell; cell searches in March 2005; use of waist chains during medical transport; restrictions on Muslim inmates' religious headgear; and confiscation of plaintiff's dictionary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
nwoz1938.mtd

15