IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAESHI NWOZUZU,

    Plaintiff,                      No. CIV S-05-1938 MCE DAD P

    vs.

DAVE L. RUNNELS, et al.,          ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner confined at Folsom State Prison, is proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. The matter is before the court on defendants' motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed a timely opposition to the motion.[1]

**PROCEDURAL HISTORY**

        On September 26, 2005, plaintiff filed a civil rights complaint concerning events that allegedly occurred at High Desert State Prison (HDSP). The undersigned determined that

---

[1] Plaintiff's opposition does not comply with Local Rule 56-260. Plaintiff did not reproduce and admit or deny each fact itemized in defendants' statement of undisputed facts. Nor did plaintiff present his own concise statement of disputed facts, as permitted, or the statement of undisputed facts required for a counter-motion for summary judgment. Nevertheless, in the interests of justice, the court has read and considered plaintiff's opposition.

1

plaintiff's complaint appeared to state cognizable claims for relief against eight defendants. In due course, the United States Marshal served plaintiff's complaint on HDSP Warden D.L. Runnels; Correctional Lieutenant K. Clement; Correctional Officer N. Correa; Correctional Officer Coleman; Correctional Officer E. Rausch; Correctional Officer Loiler; Correctional Officer Kingstrom; and Correctional Officer Lamberton.

On February 6, 2006, defendants filed a motion to dismiss on the grounds that plaintiff failed to exhaust all available administrative remedies before filing suit. Plaintiff filed a timely opposition to defendants' motion, and defendants filed a reply. On July 11, 2006, the undersigned issued findings and recommendations, recommending that the motion to dismiss be granted in part, and on August 21, 2006, the assigned district judge adopted the findings and recommendations in full. On August 22, 2006, this court issued a discovery order. On October 3, 2006, defendants filed an answer.

On May 2, 2007, defendants filed the instant motion for summary judgment on the grounds that plaintiff's claims have been rendered moot. As noted, plaintiff has filed a timely opposition. Defendants have not filed a reply.

**PLAINTIFF'S CLAIMS**

Plaintiff claims that defendants (1) harassed him and retaliated against him for exercising his right to seek redress through the prison administrative appeal procedure, (2) conspired to use institutional procedures to retaliate against him by inciting other inmates to harm him, and (3) confiscated and destroyed administrative appeals submitted by plaintiff concerning staff misconduct.

Plaintiff attached to his form complaint a typed document titled "Affidavit in Support of Complaint." In this 39-page document, plaintiff alleges in chronological order various events that allegedly took place over a three-year period at HDSP. Plaintiff's allegations include the following: In July 2002, plaintiff notified staff that his cellmate, inmate Baskin, was delusional and was threatening him but that defendant Correa took no action resulting in plaintiff

being forced to defend himself against an attack by inmate Baskin; plaintiff was injured when staff intervened in the attack; defendant Correa charged plaintiff with battery on an inmate with a weapon; plaintiff was found not guilty of the charge but defendant Correa thereafter threatened plaintiff and engaged in unprofessional conduct toward him including delaying or denying plaintiff food, removing from the mail staff complaints plaintiff had submitted concerning the events of the previous day, searching plaintiff's cell, confiscating plaintiff's personal property without justification, spreading rumors blaming plaintiff and his cellmate for cell searches to incite inmates to harm plaintiff and interfering with plaintiff's subsequent inmate appeals; beginning in October 2004, and continuing for months thereafter, plaintiff was subjected to threats, harassment, retaliatory cell searches, and confiscation of property and legal materials because he refused to withdraw his own inmate appeals and helped other inmates prepare appeals; eventually, plaintiff was placed in administrative segregation for several months pending an investigation that never took place; while in administrative segregation, plaintiff's efforts to file inmate appeals were thwarted, he was deprived of adequate clothing and was denied periodic retention reviews; after plaintiff was released from administrative segregation, defendants resumed their harassment and retaliation by denying him use of the shower for disabled inmates on March 15, 2005; on March 18, 2005, one defendant dropped plaintiff's apple on the floor during delivery of meal trays, and another defendant deliberately squashed the apple with his foot and kicked it under plaintiff's cell door; in March 2005, plaintiff's cell was searched twice, his only pen was confiscated, defendants refused to process his confidential legal mail, and he was denied use of the shower for disabled inmates a second time; in May 2005, staff announced a policy of permitting Muslim inmates to wear their religious caps only when going to and from religious services, while other head coverings, religious medallions, and wedding rings were permitted to be worn by other inmates at all times; in June 2005, when plaintiff became so ill that it was necessary to transport him to an outside hospital, one of the defendants kept plaintiff
/////

in waist and ankle restraints during the entire 12-hour transport in violation of state regulations, causing plaintiff to endure pain and suffering as well as physical injury.

Based on these allegations, plaintiff contends that defendants violated his rights under the First, Eighth, and Fourteenth Amendments as well as under state law. In terms of relief, plaintiff seeks only an order from the court protecting him from further harassment and retaliation. (Compl. at 5.)

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

/////

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On December 22, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

**THE PARTIES' ARGUMENTS**

I. Defendants' Arguments

Defendants are willing to assume solely for purposes of this motion for summary judgment that all of the allegations of plaintiff's complaint are true. Defendants also contend that it cannot be disputed that: (1) at all times mentioned in his complaint, plaintiff was an inmate at HDSP, defendant Runnels is the warden at HDSP and the remaining defendants are correctional officers at HDSP; (2) on March 12, 2007, plaintiff filed a change of address form indicating that he had been transferred from HDSP to California State Prison (CSP), Folsom where he remains incarcerated; and (3) in findings and recommendations filed July 11, 2006, the undersigned found that the payer for relief in plaintiff's complaint seeks only injunctive relief in the form of an order protecting him from further harassment and retaliation.

Defendants argue that given these undisputed facts, summary judgment should be granted in their favor on the grounds that plaintiff's claim for injunctive relief is now moot in light of his transfer from HDSP to CSP-Folsom. (Defs.' Mot. for Summ. J. at 2.) Defendants contend that in order for plaintiff to maintain this action, there must be an actual case or controversy and that this requirement applies through all stages of the case. (Defs.' Mot. for

Summ. J. at 3-4.) Defendants assert that if at anytime a party ceases to have a personal stake in the outcome of the suit, the matter is rendered moot. (Id. at 4.)

Here, because plaintiff's complaint seeks only injunctive relief and plaintiff has since been transferred from the prison where the alleged civil rights violations took place, defendants contend that the court should dismiss the action as moot. (Id. at 3.) Defendants maintain that plaintiff's claims do not fall within the exception to the mootness doctrine because they are not "capable of repetition, yet evading review." (Id.) In this regard, they note that plaintiff has not shown a reasonable likelihood that he will be transferred back to HDSP, that he will be exposed to the same correctional officers who are defendants in this matter if he is transferred back to HDSP, or that if he is transferred back and the alleged pattern of civil rights violations were to resume, they would be too short in duration to be fully litigated prior to cessation. (Id. at 4.) Accordingly, defendants conclude the court should grant their motion for summary judgment because the action is now moot.

II. Plaintiff's Arguments

In opposition, plaintiff argues that he has "the full intention of amending both his complaint and [request for] injunctive relief, to include the amount of monetary award he is seeking." (Pl.'s Opp'n to Defs.' Mot. for Summ. J. at 1.) Plaintiff maintains that he has made it clear in every filing that he intended to sue for monetary damages against defendants in their individual and official capacity and that defendants and defendants' counsel were well aware of his intentions. (Id. at 2.) Plaintiff also maintains that his claims are not moot simply because he has been transferred. (Id. at 3.) In particular, plaintiff notes that there is no order ensuring that he will not be transferred back to HDSP or that he will not suffer further or future harassment. Accordingly, plaintiff concludes that defendants' motion for summary judgment should be denied.

/////

/////

7

## ANALYSIS

Mootness is a facet of justiciability. See Smith v. Univ. of Washington Law School, 233 F.3d 1188, 1193 (9th Cir. 2000). "Mootness is like standing, in that if it turns out that resolution of the issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded." Id. See also Demery v. Arpaio, 378 F.3d 1020, 1025-26 (9th Cir. 2004) ("a suit for injunctive relief is normally moot upon the termination of the conduct at issue"); David v. Giurbino, 488 F. Supp. 2d 1048, 1056-57 (S.D. Cal. 2007) (prisoner's claim for injunctive relief with respect to grooming regulations found to be moot in light of amendments to the applicable regulations and the restoration of status and time credits).

In this case, plaintiff's complaint seeks only an order protecting him from further harassment and retaliation at HDSP.[2] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (prisoner's full release from supervision rendered his challenge to Parole Board procedures moot where there was no demonstrated probability that he would again find himself subject to the Board's jurisdiction); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). On March 12, 2007, plaintiff filed a notice of change of address with this court upon his transfer from HDSP to CSP-Folsom, where he remains incarcerated. (Docket Entry #54.) Accordingly, plaintiff is no longer subject to the conditions he complains of and his request for injunctive relief is now moot unless it falls within the exception to the mootness doctrine.

The exception to the mootness doctrine applies when "(1) the challenged action was too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a

---

[2] Notwithstanding plaintiff's alleged intentions to amend his complaint, plaintiff's only pending request for relief is one for injunctive relief. Moreover, pursuant to this court's April 20, 2007 scheduling order all pretrial motions, including any motion by plaintiff to amend his complaint, should have been filed on or before October 12, 2007.

8

reasonable expectation that the same complaining party will be subjected to the same action again." First National Bank of Boston v. Bellotti, 435 U.S. 765, 774 (1978). See also Dilley, 64 F.3d at 1368-69 (prisoner's claim was moot upon transfer and did not fall under this two-prong exception to mootness doctrine); Wiggins v. Rushen 760 F.2d 1009 (9th Cir. 1985) (where prisoner was no longer subjected to prison officials' allegedly unconstitutional activity, the complaint for injunctive relief was rendered moot); Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977) ("A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied."); 1A C.J.S. Controversies Capable of Repetition Yet Evading Review § 82 (2007) (cases satisfying the mootness exception include those actions involving issues such as abortion, elections, residency requirements, benefits, and preadjudication detention).

Plaintiff has not demonstrated that his claims fall into the category of cases that satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine. Under the first prong of that exception, a prisoner's claims against prison officials for harassment, retaliation, conspiracy, and confiscation and destruction of administrative grievances concerning staff misconduct are not claims that will evade review. The scores of civil rights actions alleging unconstitutional conditions of confinement that are properly filed, reviewed by this court for cognizable claims and ultimately decided by the federal courts demonstrates that such cases do not generally evade review. As to the second prong, plaintiff has not demonstrated a reasonable expectation that he will be transferred back to HDSP. Rather, plaintiff has only been able to offer speculation as to what may occur in the future.

Because plaintiff's sole claim is one seeking injunctive relief and that claim has now been rendered moot by his transfer to CSP-Folsom, defendants' motion for summary judgment should be granted.

/////

**OTHER MATTERS**

The parties have filed several other motions and requests pending before the court. First, pursuant to Rule 201(b) of the Federal Rules of Evidence, defendants request that the court take judicial notice of the following: (1) on March 12, 2007, plaintiff filed a change of address form in this matter indicating that he had been transferred from HDSP to California State Prison, Folsom; and (2) on July 11, 2006, the undersigned issued findings and recommendations in response to defendants' motion to dismiss the complaint that included a finding that the complaint's prayer for relief sought only an order protecting plaintiff from further harassment and retaliation. These are matters of record in this very case and are not the appropriate subject of judicial notice. See Fed. R. Evid. 201(b). Accordingly, defendants' request for judicial notice will be denied as unnecessary.

Second, while this motion was pending, defendants filed three requests for an extension of time to file additional dispositive motions. In light of the recommendation set forth herein, the defendants' requests will be denied as unnecessary.

Finally, plaintiff has filed several motions, including a motion for a temporary restraining order, a motion for discovery, a motion for a court ordered appointment of an investigator, a motion for extension of time to declare the status of witnesses, a motion for an order related to attendance of witnesses at trial and an untimely motion to compel. In light of the recommendation set forth herein the court will deny each of plaintiff's motions.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 2, 2007 request for judicial notice is denied;

2. Defendants' October 12, 2007, November 9, 2007 and December 12, 2007 requests for an extension of time to file an additional dispositive motion are denied; and

3. Plaintiff's August 21, 2007 motion for a temporary restraining order, August 21, 2007 motion for discovery, August 21, 2007 motion for a court ordered appointment of an

investigator, August 21, 2007 motion for extension of time to declare the status of witnesses, August 21, 2007 motion for an order related to attendance of witnesses, and November 20, 2007 motion to compel are denied.

IT IS HEREBY RECOMMENDED that defendants' May 2, 2007 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nwoz1938.57