IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAESHI NWOZUZU,

    Plaintiff,                    No. CIV S-05-1938 MCE DAD P

    vs.

DAVE L. RUNNELS, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. For the reasons discussed herein, the court will order plaintiff to file an amended complaint clarifying his request for relief.

**PROCEDURAL HISTORY**

        On September 26, 2005, plaintiff filed this civil rights action concerning events that allegedly occurred at High Desert State Prison ("HDSP"). The undersigned determined that plaintiff's complaint appeared to state cognizable claims for relief against eight defendants. In due course, the United States Marshal served plaintiff's complaint on Warden D.L. Runnels, Correctional Lieutenant K. Clement, Correctional Officer N. Correa, Correctional Officer Coleman, Correctional Officer E. Rausch, Correctional Officer Loiler, Correctional Officer Kingstrom, and Correctional Officer Lamberton.

On May 2, 2007, the defendants filed a motion for summary judgment on the grounds that plaintiff's claims had been rendered moot. Specifically, defendants argued that plaintiff's complaint only sought injunctive relief, and he had since been transferred from HDSP, the prison where the alleged civil rights violations took place, to Folsom State Prison. On December 14, 2007, the undersigned issued findings and recommendations, recommending that the motion for summary judgment be granted. Notwithstanding plaintiff's alleged intent to amend his complaint to add a claim for damages, he never filed a motion for leave to amend, and under the scheduling order in this case the deadline for filing pretrial motions had long since passed. The undersigned also recommended denying plaintiff's other pending motions, including his motion for injunctive relief. On January 31, 2008, the assigned district judge adopted those findings and recommendations in full and granted defendants' motion for summary judgment. On the same day, the court closed the case. Plaintiff appealed, and on July 28, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part, vacated in part, and remanded the case back to this court. Subsequently, the Ninth Circuit issued a formal mandate in the case.

## THE NINTH CIRCUIT DECISION

In its decision, the Ninth Circuit held that this court properly granted summary judgment on plaintiff's claims for injunctive relief against prison officials at HDSP because his claims were rendered moot upon his transfer to another prison. The Ninth Circuit also determined that plaintiff's case was not capable of repetition yet evading review because he failed to demonstrate a reasonable expectation of being transferred back to HDSP. However, the Ninth Circuit explained that this court should have construed plaintiff's opposition to defendants' motion for summary judgment and his motion for injunctive relief, both of which had been filed prior to the deadline for filing pretrial motions, as a motion for leave to file an amended complaint to add a separate claim for damages.

/////

/////

**DISCUSSION**

In accordance with the Ninth Circuit's decision, this court will grant plaintiff thirty days leave to file an amended complaint.[1] In his amended complaint, plaintiff should specify what damages he seeks against the defendants. Plaintiff is reminded that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in his amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is cautioned that the court is not granting him leave to amend to add new parties or new claims with this order. Rather, the court is granting plaintiff leave to amend for the sole purpose of clarifying his request for relief against the named defendants. In the interest of justice, the court will provide plaintiff a courtesy copy of his original complaint and the exhibits attached thereto so that he may copy his original allegations and claims against the defendants from it.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint clarifying his request for relief; and

2. The Clerk of the Court is directed to send plaintiff a copy of his original complaint (Doc. No. 1) and a copy of the court's form for filing a civil rights action.

DATED: March 9, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nwoz1938.amc

---

[1] No proposed amended complaint has ever been submitted to the court by plaintiff.

3