IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMAESHI NWOZUZU,

    Plaintiff,               No. CIV S-05-1938 MCE DAD P

    vs.

DAVE L. RUNNELS, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This action is proceeding on claims raised in plaintiff's first amended complaint, filed April 23, 2010, against defendants Warden D.L. Runnels, Correctional Lieutenant K. Clement, Correctional Officer N. Correa, Correctional Officer Coleman, Correctional Officer E. Rausch, Correctional Officer Loiler, Correctional Officer Kingstrom, and Correctional Officer Lamberton. This matter is before the court on defendants' motion to dismiss brought pursuant to Federal Rule Civil Procedure 12(b). Defendants contend that plaintiff failed to exhaust his administrative remedies prior to filing suit, that plaintiff's claim for injunctive relief has already been resolved by the district court and the United States Court of Appeals for the Ninth Circuit, and that plaintiff has failed to state a claim against defendants Runnels and Rausch.

1

BACKGROUND

Plaintiff filed this civil rights action on September 26, 2005 raising claims based on events that allegedly occurred at High Desert State Prison ("HDSP"). Defendants moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies prior to suit. In findings and recommendations, this court found that plaintiff's original complaint presented three claims: for harassment and retaliation in response to plaintiff's exercise of his right to seek redress; conspiracy by the defendants to use institutional procedures as a retaliatory method of confiscating plaintiff's property and inciting inmates to harm plaintiff and his cellmate; and defendants' confiscation and destruction of plaintiff's administrative appeals concerning staff misconduct. See Findings and Recommendations filed July 11, 2001, at 13-14. The court further found that the issues which defendants sought to dismiss were unexhausted but that those issues should be deemed allegations supporting plaintiff's underlying claims, rather than separate claims for relief. Id. at 15. The court further found that plaintiff sought only an order protecting him from further harassment and retaliation. Id. at 14. By order filed August 21, 2006, those findings and recommendations were adopted by the assigned district judge.

On May 2, 2007, the defendants filed a motion for summary judgment on the grounds that plaintiff's claims had been rendered moot. Specifically, defendants argued that plaintiff's complaint only sought injunctive relief, and he had since been transferred from HDSP, the prison where the alleged civil rights violations took place, to Folsom State Prison. On December 14, 2007, the undersigned issued findings and recommendations, recommending that the motion for summary judgment be granted. On January 31, 2008, the assigned district judge adopted those findings and recommendations in full and granted defendants' motion for summary judgment. Plaintiff appealed, and on July 28, 2009, the United States Court of Appeals for the Ninth Circuit affirmed in part, vacated in part, and remanded the case back to this court. The court of appeals held that summary judgment had been properly granted on plaintiff's claims for injunctive relief. However, the court of appeals also determined that this court should have

construed plaintiff's opposition to defendants' motion for summary judgment and his motion for injunctive relief, both of which had been filed prior to the deadline for filing pretrial motions, as a motion for leave to file an amended complaint to add a separate claim for damages.

Following remand, plaintiff was granted thirty days in which to file an amended complaint specifying the damages he seeks against each defendant. After receiving an extension of time, plaintiff filed his amended complaint on April 23, 2010. Defendants responded to the amended complaint with the instant motion.

DEFENDANTS' MOTION

I. Failure to Exhaust Administrative Remedies

On October 21, 2005, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Federal Rule of Civil Procedure 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

Section 1997e(a) of Title 42 of the United States Code provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002).

Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen

working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005).

In support of their motion to dismiss, defendants have presented evidence that plaintiff arrived at High Desert State Prison on July 1, 2002. Declaration of D. Clark in Support of Defendants' Motion to Dismiss, filed May 25, 2010 (Clark Declaration), at ¶ 8. Between July 1, 2002 and December 30, 2005, plaintiff submitted a total of twenty-six inmate appeals, eight of which were accepted for review and eighteen of which were screened out by prison officials. Id. at ¶ 9. None of the appeals that were screened out involved any of the claims raised in plaintiff's amended complaint. Id. at ¶ 18. Defendants have also tendered all eight of the inmate appeals accepted for review by prison officials. See Exs B-I to Clark Declaration. One of the appeals contains allegations reflective of claims raised in the first amended complaint. See Ex. F to Clark Declaration and First Amended Complaint at 5-11[1]. However, that grievance was only pursued by plaintiff through the first level of administrative review. See Ex. F to Clark Declaration.[2]

---

[1] This inmate grievance also includes some of the allegations found at pages 2-5 of the amended complaint.

[2] Allegations in the grievance tendered by defendants as Exhibit I are similar to allegations found elsewhere in the amended complaint concerning alleged religious discrimination against plaintiff and other Muslim inmates at High Desert State Prison, but the grievance presented as Exhibit I is based on events that postdate the allegations contained in plaintiff's amended complaint and, in any event, that grievance was only pursued by plaintiff through the second level of administrative review.

In opposition to the pending motion to dismiss, plaintiff appears to contend that (1) defendants cannot seek dismissal of the amended complaint for non-exhaustion because they previously admitted all of the allegations; and (2) defendants have impeded his attempts to file administrative grievances. However, plaintiff's first contention is without merit, see Answer filed October 3, 2006 (Answer), and plaintiff has submitted no evidence to support his contention that defendants have interfered with his efforts to pursue administrative grievances concerning the events complained of through the third and final Director's Level of Administrative Review. Moreover, while the record reflects that defendants previously sought dismissal of this action for non-exhaustion in a Rule 12(b) motion filed in response to the original complaint, defendants' prior motion advanced contentions different from those raised in the instant motion. See, e.g., Findings and Recommendations filed July 11, 2006. In addition, defendants preserved the affirmative defense of failure to exhaust administrative remedies prior to filing suit in their answer to the original complaint. See Answer. Defendants may, therefore, properly raise the defense in response to plaintiff's amended complaint. See Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 787-89 (9th Cir. 2000).

For all of the foregoing reasons, this court finds that plaintiff failed to exhaust his administrative remedies with respect to the claims raised in his first amended complaint prior to filing suit. For that reason, this action must be dismissed and the court will recommend that defendants' motion to dismiss be granted on that ground.[3]

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' May 25, 2010 motion to dismiss be granted; and

2. This action be dismissed due to plaintiff's failure to exhaust administrative remedies prior to filing suit.

---

[3] In light of this recommendation, the court will not reach defendants' remaining arguments in support of their motion to dismiss.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
nwoz1938.mtd